IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **GOLDMAN PHIPPS PLLC f/k/a GOLDMAN, PENNEBAKER & PHIPPS, PC, MIKAL C. WATTS, P.C., and MURRAY LAW FIRM**<br><br>Plaintiffs,<br><br>v.<br><br>**GRAY, RITTER & GRAHAM, P.C., WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, SEEGER WEISS LLP, NEBLETT BEARD & ARSENAULT, LLP, EMERSON POYNTER LLP, WHATLEY DRAKE & KALLAS LLP, LOOPER REED & MCGRAW, CHAPMAN, LEWIS & SWAN, DON M. DOWNING, INDIVIDUALLY, and ADAM J. LEVITT, INDIVIDUALLY**<br><br>Defendants. | Case No. |

**TO:**

**Rick Holstein**
**LAW OFFICES OF RICK HOLSTEIN**
**410 Peoples Street**
**Corpus Christi, Texas 78401**

**Barry Snell**
**LAW OFFICES OF BAYNE, SNELL & KRAUSE**
**8626 Tesoro Drive, Suite 500**
**San Antonio, Texas 78217**

**Darrell L. Barger**
**HARTLINE DACUS BARGER DREYER LLP**
**800 North Shoreline Blvd.**
**Suite 2000, North Tower**
**Corpus Christi, Texas 78401**

**J.A. "Tony" Canales**
**CANALES & SIMONSON, P.C.**
2601 Morgan Ave.
Corpus Christi, Texas 78405

**ATTORNEYS FOR PLAINTIFFS**

**PATSY PEREZ**
**District Clerk, Nueces County, Texas**
901 Leopard St.
Corpus Christi, Texas 78401

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, you are hereby notified that Defendant Looper Reed & McGraw, P.C. ("LRM")[1] has removed this action from the County Court at Law No. 3 of Nueces County, Texas (the "State Court"), to the United States District Court for the Southern District of Texas, Corpus Christi Division. The action was originally filed in the State Court as Case No. 2012CCV-62122-3.

## BACKGROUND

The procedural history up to the filing of the petition in the State Court resides within the related multidistrict litigation captioned *In re Genetically Modified Rice Litigation*, 4:06 MD 1811-CDP (E.D. Mo.). On August 18, 2006, the USDA announced that the U.S. rice supply had been contaminated with Bayer's genetically modified LLRICE (the "LLRICE Contamination"). In an effort to streamline and coordinate the thousands of rice producers and numerous non-producer lawsuits filed, on December 19, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the transfer of all pending federal court actions pertaining to the above-

---

[1] Defendant LRM is the only removing defendant. By removing, LRM is not entering an appearance – and does not intend to enter an appearance – for any other Defendant.

referenced LLRICE Contamination, along with all tag-along federal actions against various Bayer entities to the U.S. District Court, Eastern District of Missouri, before the Honorable Catherine D. Perry (the "Rice MDL" and the "Rice MDL Court," respectively). Plaintiffs herein are attorneys who represented clients in the federal actions transferred to the Rice MDL and also clients in related state court actions. The Rice MDL Court issued a Leadership Order in the Rice MDL appointing Co-Lead Counsel and the Executive Committee and explicitly ordering Co-Lead Counsel to "act on behalf of all plaintiffs" in the Rice MDL.[2] Attorneys in this Leadership Group are named as defendants in Case No. 2012CCV-62122-3.

Over the next five years, the Leadership Group invested considerable time and financial resources to provide, and did provide, substantial benefits to all plaintiffs – and their counsel – in both the Rice MDL, as well as in related state court proceedings – including Plaintiffs in this case.

In August 2009, the Leadership Group filed a motion in the Rice MDL to establish a Common Benefit Fund to compensate those attorneys working with Court-appointed Co-Lead Counsel to benefit all persons or entities that suffered loss as a result of the LLRICE Contamination (the "Common Benefit Attorneys"). The motion entailed substantial briefing, as well as comprehensive and heated opposition from, among others, Plaintiffs herein. *See, e.g.*, Rice MDL Dkt. Nos. 1458-1460, 1522, 1525, 1527, 1585-1586. Plaintiffs herein objected to creating a Common Benefit Fund and opposed the motion to require them to contribute into the

---

[2] The Court appointed Don Downing as Plaintiffs' Co-Lead and Liaison Counsel and appointed Adam Levitt as Plaintiffs' Co-Lead Counsel. The Court also appointed Richard J. Arsenault, Scott E. Poynter, William Chaney, Ralph E. Chapman, Joseph R. Whatley, and Stephen A. Weiss to the Plaintiffs' Executive Committee. Plaintiffs' Co-Lead Counsel and Executive Committee are sometimes referred to herein as the "Leadership Group." The Order Appointing Co-Lead Counsel and the Executive Committee, dated April 18, 2007, (the "Leadership Order") is Dkt. No. 182 in the Rice MDL.

fund regarding both their federal and state clients.  *See* Rice MDL Dkt. Nos. 1525, 1532.  On February 24, 2010, the Rice MDL Court entered its Common Benefit Order, ordering an assessment for fees and expenses in all federal court cases in the Rice MDL.  The Rice MDL Court also addressed whether that order could extend to state court cases, finding that, "it is abundantly clear that the plaintiffs in the related state-court cases have derived substantial benefit from the work of the leadership counsel in these federal cases." *In re Genetically Modified Rice Litig.*, 4:06 MD 1811 CDP, 2010 WL 716190, at *1 (E.D. Mo. Feb. 24, 2010).  The Rice MDL Court also found that the "lawyers and plaintiffs who have not agreed to join in the trust will have been unjustly enriched if they are not required to contribute to the fees of the leadership lawyers."  *Id.*  Notwithstanding its conclusion, the Court reluctantly declined to extend its common benefit assessment order to the farmer plaintiffs in state court cases because the Rice MDL Court concluded that it lacked jurisdiction to do so. *Id.*

The Global Producer Settlement agreements were signed on July 1, 2011. The Global Producer Settlement is comprised of two separate agreements, which, together, provide $750 million to resolve rice producers' claims arising out of the LLRICE Contamination.  The "MDL Settlement" was entered into by and among Bayer and the following attorneys:  Don Downing, Adam Levitt, Richard Arsenault, Bill Chaney, and Scott Powell.  The MDL Settlement covers all claimants who had cases pending in the Rice MDL, as well as all other claimants who agreed to be bound by the terms of the MDL Settlement.  The second agreement related only to claims asserted outside of the Rice MDL (the "GMB Settlement") and was entered into by and among Bayer and the following attorneys: Martin J. Phipps, Mikal C. Watts, Chuck Banks, and Stephen B. Murray (collectively, the "GMB Counsel").

All of the common benefit services, materials, and related expense items provided or paid for by or through the Common Benefit Attorneys benefitted not only the prosecution of various related state court cases, but ultimately made possible and resulted in the Global Producer Settlement, including the GMB Settlement from which rice producers suing Bayer entities outside the Rice MDL received recovery, a portion of which was paid in fees and/or expenses directly or indirectly to Plaintiffs herein. On September 4, 2012, Defendants herein Adam Levitt and Don Downing, in their capacity as Plaintiffs' Co-Lead Counsel in the Rice MDL appointed by the Rice MDL Court, filed a motion for allocation and distribution of common benefit fees and expenses in the Rice MDL. On December 6, 2012, after exhaustive briefing on the issues, the Rice MDL Court issued an Order Adopting the Report and Recommendation of the Special Master for the Allocation and Distribution of Common Benefit Fees and Expenses (the "Allocation and Distribution Order") (Rice MDL Dkt. No. 4935) granting Defendants' motion and ordering that the Common Benefit Attorneys' fees and expenses be paid from the Common Benefit Fund. In the Allocation and Distribution Order, the Rice MDL Court also reaffirmed its finding that "the work performed by the common benefit attorneys definitely benefitted the Phipps Group and its clients. It is not an exaggeration to say that the Phipps Group [referencing Plaintiffs herein] has been unjustly enriched by the work of the common-benefit attorneys." *Id.* at 6.

On December 6, 2012, Plaintiffs herein filed a notice of appeal of the Common Benefit Order and Allocation and Distribution Order with the United States Court of Appeals for the Eighth Circuit, challenging the Rice MDL Court's authority to establish a Common Benefit Fund and order assessments, as well as the Rice MDL Court's determination that Plaintiffs are

not entitled to any portion thereof. Defendants herein cross-appealed the Rice MDL Court's ruling that it lacks jurisdiction to order assessments with respect to cases outside of the Rice MDL. The consolidated appeal is currently being briefed by the parties.

Defendants Downing and Levitt, also, on filed suit on January 31, 2013, filed suit against Plaintiffs herein in federal court and are class representatives in *Downing et al v. Goldman Phipps PLLC et al*, Case No. 4:13-CV-00206 CEJ, currently in front of Judge Jackson in the Eastern District of Missouri. In that suit, Defendants herein has asserted unjust enrichment and quantum meruit claims against Plaintiffs herein, as well as a federal interpleader claim.[3] That suit is specifically referenced in Plaintiffs' First Amended Petition for Declaratory Judgment at paragraph 16, and is appropriately considered in determining the propriety of removal. A copy of the First Amended Class Action Complaint And Complaint For Interpleader in *Downing et al v. Goldman Phipps PLLC et al*, Case No. 4:13-CV-00206 CEJ is attached here as Exhibit A.

## GROUNDS FOR REMOVAL

### I.     FEDERAL QUESTION

#### A.     Applicable Standards

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the

---

3 Mssrs. Downing and Levitt established and became Co-Trustees of the Common Benefit Fund Qualified Settlement Fund Trust (the "CBF Trust"), created, and subsequently amended, by orders of the Court in the MDL dated June 9, 2010 (MDL Dkt. No. 2992) and December 15, 2011 (MDL Dkt. No. 4344) (collectively, the "CBF Trust Orders"), into which the amounts held back from Bayer have been deposited and held. The interpleader claim in Case No. 4:13-CV-00206 CEJ deals with disputed rights pertaining to the funds within that trust. See infra, Section B.4.

district courts of the United States have original jurisdiction, may be removed…." 28 U.S.C. § 1441(a). The United States District Court for the Southern District of Texas, Corpus Christi Division, has, at the time suit was filed, and through the present day, original subject matter jurisdiction of this civil action under 28 U.S.C. § 1331, because multiple, substantial and disputed federal questions exist which relate to the federal jurisdiction, policies, and interests, including the federal common benefit doctrine and federal court authority to provide for and allocate attorneys fees and expenses, interpleader jurisdiction, and the effect of the Rice MDL Court's prior rulings on issues raised in Plaintiffs' Original and First Amended Petitions filed in the State Court (hereinafter the "Pet." or "Am. Pet.").

It is well-established that "laws," as used in the text of § 1331, includes federal common law as well as federal statutory law. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972). The Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-491 (1917)). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*; *see also* ALI, <u>Study of the Division of Jurisdiction Between State and Federal Courts</u> 164-166 (1968).

The Supreme Court has further held that a case arises under federal law where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986); *Gully v. First Nat'l Bank*,

299 U.S. 109, 112-14 (1936); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 200-01 (1921). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 312 (citing *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997); *Merrell*, 478 U.S. at 814, n.12; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 28 (1983)). Each of the grounds for removal set forth below involve issues that are necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Here, there are at least four bases for federal question jurisdiction, which independently or together support removal, including federal common benefit jurisprudence, the effect of the Rice MDL's prior rulings on issues raised in Plaintiffs' Petition, and interpleader jurisdiction. Moreover, various important federal policies or interests are entwined with Plaintiffs' claims, including the ability of an MDL court to assess and disburse funds in furtherance of its powers under 28 U.S.C. § 1407, and to carry out the functions ascribed to the federal courts under 28 U.S.C. § 1335 and Federal Rule 22, and Federal Rule 23(e) and (g). These are substantial federal interests and policies that justify the assumption of federal jurisdiction. *See, e.g.*, *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 200-01 (1921); *see also* Wright & Miller, 19 Fed. Prac. & Proc. Juris. §§ 4515, 4516, 4517 (2d ed.).

### B. Plaintiffs' Claims Necessarily Turn On Resolving Substantial and Disputed Federal Questions

#### 1. Plaintiffs' claims necessarily implicate substantial and disputed federal questions regarding jurisdiction and authority of federal courts currently being litigated on appeal from rulings in the Rice MDL

Plaintiffs have requested a sweeping ruling from the State Court "specifically declar[ing] that Defendants have no right or claim to any relief with respect to attorney's fees and/or expenses distributed from Plaintiffs' QSF, and further precluding *any other possible relief sought from Plaintiffs by Defendants*" (Am. Pet. at ¶ G-a)(emphasis added). Plaintiffs ask the State Court to determine not only that state law bars Defendants from recovery of funds held by the GMB Settlement's qualified settlement fund ("QSF"), but also that federal law does not afford *any* relief to Defendants in *any* regard. *See id.* Such relief cannot be afforded without addressing questions of federal jurisdiction as well as the managerial authority possessed by federal MDL courts to resolve issues regarding compensation of attorneys rendering common benefit services, and the scope of the federal common benefit doctrine. To find that Defendants herein are precluded from any possible relief they seek from Plaintiffs necessarily requires the Texas Court to address and resolve issues of federal law currently in litigation by the parties in federal court. These issues include whether Defendants have a right to the funds under federal law, and whether a transferee MDL court may not exercise any authority or control over the disputed funds. Clearly, Plaintiffs' claims "necessarily turn on some construction of federal law," *Merrell Dow. Pharm., Inc.*, 478 U.S. at 808-809. Given the substantial nature of the federal interests implicated, removal of this case is appropriate under 28 U.S.C. § 1331.

The federal law upon which this action will necessarily turn is both substantial and disputed. The relief Plaintiffs demand from the State Court requires interpretation and

determination of the bounds and parameters of federal jurisdiction and the proper breadth, limits, factors, considerations applicable to the federal common benefit doctrine and federal court's managerial authority in an MDL proceeding, and whether such federal authority and doctrine entitles Defendants to the funds at issue in this case. These determinations implicate substantial federal issues under the purview of the federal courts. *See e.g., Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 164 (1939) (allowance of common benefit fee and cost awards "is part of the historic equity jurisdiction of the federal courts"); *Smiley v. Sincoff,* 958 F.2d 498, 501 (2d Cir. 1992) (district courts are "vested with broad discretion . . . [and] power to establish fee structures designed to compensate committee members for their work on behalf of all plaintiffs involved in consolidated litigation") (citing cases); *In re Air Crash Disaster at Fla. Everglades* 549 F.2d 1006, 1011 (5th Cir. 1977) (MDL court's fee assessment derives from its "managerial power," which "is not merely desirable[,] [i]t is a critical necessity," even if it "effectuates a deduction from the amount of attorneys fees originally contemplated by an attorney at the time of his undertaking representation of a claim").

The federal issues raised by Plaintiffs' in the State Court are not only substantial, but also arise as the subject of active litigation between these parties and the subject of an appeal pending before the United States Court of Appeal for the Eighth Circuit. In that appeal, Plaintiffs herein have challenged the appropriateness of a common benefit assessment and the manner in which the Rice MDL Common Benefit Fund was distributed, thereby also challenging the underlying authority to create and administer common benefit funds. Defendants have cross-appealed the jurisdictional issue of whether the Rice MDL Common Benefit Assessment Order can extend to the claims asserted by Plaintiffs in various state courts. These issues, which will substantively

affect multidistrict and related litigation across the United States, will be decided by the Eighth Circuit in the pending appeal between these same parties in the MDL litigation and should not be simultaneously litigated in State Court.

### 2. Plaintiffs' claims necessarily implicate the Rice MDL Court's authority to allocate common benefit funds under its jurisdiction and control pursuant to the federal common benefit doctrine and the court's managerial authority.

The relief sought by Plaintiffs also necessarily implicates federal law matters regarding the remaining allocation of common benefit funds within the control of the Rice MDL Court in the Eastern District of Missouri.

A portion of the funds withheld from federal court actions under the Rice MDL Common Benefit Assessment Order relate to expenses incurred in performing common benefit work. Plaintiffs herein have asserted a claim for reimbursement of expenses from this fund. Others eligible to receive reimbursement of expenses from this fund have taken the position that when analyzing the appropriate distribution of these funds, the Rice MDL Court should consider the total benefit received by Plaintiffs, which would include consideration of whether an offset for benefits already received by Plaintiffs herein without contribution. Defendants herein have interpleaded these funds with the Eastern District of Missouri in the action captioned *Don M. Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13 cv 206 (CEJ) (E.D. Mo.)(the "Missouri Case"). Allocation and distribution of such funds will require further order of the Rice MDL Court.

The manner in which Common Benefit Funds (including the interpleaded funds at issue) are allocated, the factors considered in making such determinations (including whether an offset related to benefits received by Plaintiffs herein is appropriate), and the very scope and

1439003.1 –11–

parameters of an MDL court's authority to create and control Common Benefit Funds (including the interpleaded funds) are substantial and disputed questions of federal law. *See Hall v. Cole*, 412 U.S. 1, 15 (1973) (whether a plaintiff is entitled to an award of attorney's fees under the common benefit doctrine is "best addressed to the sound discretion of the District Court"); *Hayes v. Int'l Org. of Masters, Mate & Pilots*, 946 F.2d 885, 1991 WL 195722 at *4 (unpublished) (4th Cir.1991) (per curiam) (an award of attorney's fees under the common benefit doctrine "is subject to review for abuse of discretion") (citing *Hall*, 412 U.S. at 4); *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983) ("An award of attorneys fees [under the common benefit doctrine] lies within the sound discretion of the district court."); *Allen v. Lloyd's of London*, 975 F. Supp. 802, 806-807 (E.D. Va. 1997). Federal question jurisdiction lies even if the court finds no validly stated claim under the federal law which provides jurisdiction because such jurisdiction includes the power to decide collateral issues such as motions for attorneys' fees. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); *Allen*, 975 F. Supp. at 803. Resolving the interpleader will necessarily turn on resolution of these federal questions. Again, Plaintiffs' demand for a declaration barring "any . . . possible relief sought from Plaintiffs by Defendants," (Am. Pet. at ¶ G-a), directly impinges upon and requires resolution of the Rice MDL Court's authority to consider the total benefit realized by Plaintiffs, including the benefits realized through the settlement of their cases pending in various state courts. These issues not only are substantial, but also disputed in litigation pending between these parties in the Eastern District of Missouri where the Rice MDL Court has jurisdiction over the interpleaded funds. Plaintiffs' State Court action is nothing more than an improper attempt to circumvent the adjudication of these issues by the federal courts.

### 3. Plaintiffs' claims necessarily implicate the effect of prior federal rulings

In addition, the Rice MDL Court has unequivocally found that Plaintiffs herein have been unjustly enriched by receipt of common benefit work for the benefit of their state court cases without corresponding contribution to the Rice MDL Common Benefit Fund. The Rice MDL Court has further weighed and considered the distribution of funds under the Allocation and Distribution Order  The effect of these rulings are a matter of federal law and integrally important to the federal courts' interest in the integrity and finality of their own processes. Determining whether Plaintiffs herein are entitled to declaratory relief sought in this action necessarily involves whether they are bound by the Rice MDL Court's prior rulings regarding these same matters at issue. On January 31, 2013, Co-Lead Counsel in the MDL, filed a Class Action Complaint and Complaint for Interpleader, amended on February 14, 2013, seeking relief against attorneys and law firms who accepted goods and services from Common Benefit Attorneys and clients in the Rice MDL, which benefitted their state-court cases, without payment from state-court recoveries.[4] This is a pure question of law, disputed between the parties, and will substantially impact the outcome of the dispute. This issue also supports original jurisdiction and removal to this Court.

### 4. Plaintiffs' claims necessarily implicate federal interpleader jurisdiction and substantive federal law.

As stated above, Plaintiffs seek the court's declaration "precluding any . . . possible relief sought from Plaintiffs by Defendants." (Am. Pet. at ¶ G-a). Defendants Downing and Levitt, in their capacity as Trustees of the Common Benefit Fund Qualified Settlement Fund Trust (the

---

4 *See* Amended Class Action Complaint and Complaint for Interpleader, *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-00206 CEJ, attached as Exhibit A.

"CBF Trust"), created, and subsequently amended, by orders of the Rice MDL Court dated June 9, 2010 (MDL Dkt. No. 2992) and December 15, 2011 (MDL Dkt. No. 4344) (collectively, the "CBF Trust Orders"), currently seek relief in federal court under a federal statute which specifically authorizes federal court jurisdiction for that purpose.  *See* 28 U.S.C. § 1335.  *See also* Rule 22, Fed. R. Civ. P.  A fund, or res, has been created under the control of the Rice MDL Court and Plaintiffs in this case are among the disputed claimants to that fund.  On the other side of the dispute are Defendants Downing and Levitt, in their role as representatives of a class which includes thousands of farmers in the Rice MDL as well as the various law firms named as Defendants in this case.  Plaintiffs' State Court action not only implicates but also directly affects the ability of the Rice MDL Court to disburse funds under its control consistent with the jurisdiction afforded it under 28 U.S.C. § 1335 and federal substantive law governing federal interpleader actions.  Whether, and the extent to which, the Rice MDL Court has jurisdiction and authority to disburse the funds under its control consistent with federal law is a substantial and disputed issue necessarily implicated, and directly affected, by Plaintiffs' claims.

### III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

LRM, as the removing Defendant has filed this Notice of Removal before or within 30 days of service of Plaintiffs' Petition on it.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).  Subject to and with reservation of the challenges which several of the named Defendants have to the exercise of personal jurisdiction over them, and to the venue of this action as originally filed in the State Court (and thus, the proper venue for this case to proceed in federal court), all properly served defendants required for removal have consented to this removal.

Subject to the foregoing comments, venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 (a) and 1446(a) because the U.S. District Court for the Southern District of Texas is the federal judicial district embracing the District Court for Nueces County, Texas, where the State Court action was originally filed.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and documents received by LRM are attached hereto. Additionally, pursuant to this District's Local Rule 81, LRM has attached additional required documents, which are outlined in the index of matters being filed.

>Respectfully submitted,
>
>/s/ James F. Buchanan
>James F. Buchanan
>State Bar No. 03287500
>Federal ID No. 0328
>800 North Shoreline Boulevard
>Suite 300, North Tower
>Corpus Christi, Texas 78401
>(361) 561-8000 – Telephone
>(361) 561-8001 – Facsimile
>jbuchanan@welderleshin.com
>
>*Attorney-in-Charge for Defendant, Looper Reed & McGraw, P.C.*

*Of Counsel:*

WelderLeshin LLP
800 North Shoreline Boulevard
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Facsimile

Arthur R. Miller
40 Washington Square South, 430F
New York, New York 10012
Member and Admitted to the Bars of the
States of New York and Massachusetts

1439003.1  –15–

James L. Reed
State Bar No. 16679200
Admission No. 3655
jreed@lrmlaw.com
Looper Reed & McGraw, P.C.
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 -- Telephone
(713) 986-7100 – Facsimile

William B. Chaney
State Bar No. 04108500
Admission No. 25195
wchaney@lrmlaw.com
Andrew K. York
State Bar No. 24051554
Admission No. 707027
dyork@lrmlaw.com
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135 -- Telephone
(214) 953-1332 -- Facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested, on the following persons pursuant to Fed. R. Civ. P. 5 on February 22, 2013.

Rick Holstein
Law Offices of Rick Holstein
410 Peoples Street
Corpus Christi, Texas 78401

Barry Snell
Law Offices of Bayne, Snell & Krause
8626 Tesoro Drive, Suite 500
Corpus Christi, Texas 78217

*Attorneys for Goldman Phipps, PLLC*

Darrell L. Barger
Hartline Dacus Barger Dreyer LLP
800 North Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401

*Attorney for Mikal C. Watts, P.C.*

J.A. "Tony" Canales
Canales & Simonson, P.C.
2601 Morgan Ave.
Corpus Christi, Texas 78405

*Attorney for Murray Law Firm*

                                          /s/ James F. Buchanan
                                          James F. Buchanan