UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GOLDMAN PHIPPS PLLC; fka § <br> GOLDMAN PENNEBAKER & PHIPPS, § <br> PC, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> GRAY, RITTER & GRAHAM, P.C., *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:13-CV-00049 |

## ORDER OF REMAND

Before the Court is Plaintiffs' Emergency Motion to Remand (D.E. 4). Plaintiffs filed this action in the County Court at Law No. 3, Nueces County, Texas. They seek a declaratory judgment regarding the rights of the respective parties to attorney's fees and expenses from a settlement of cases pending in state court and in federal court, but not within the scope of the pending federal Multidistrict Litigation (MDL). D.E. 1-6, p. 10.

Defendant Looper Reed & McGraw, P.C. removed this action, claiming federal question jurisdiction because there are issues: "which relate to the federal jurisdiction, policies, and interests, including the federal common benefit doctrine and federal court authority to provide for and allocate attorneys [sic] fees and expenses, interpleader jurisdiction, and the effect of the Rice MDL Court's prior rulings on issues raised in Plaintiffs' [pleadings] filed in the State Court." D.E. 1, p. 6. Ordinarily, removal jurisdiction is based only on the plaintiff's causes of action rather than any defensive issues. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d

318 (1987). The arguments raised here clearly implicate defensive matters rather than the well-pleaded complaint of the Plaintiffs.

Defendant argues that federal defenses confer removal jurisdiction under 28 U.S.C. § 1441(a) because, in this declaratory judgment action, the "natural" roles of plaintiff and defendant are reversed. *Wisconsin Interscholastic Athletic Ass'n v. Gannett Co.*, 658 F.3d 614, 620 (7th Cir. 2011). Plaintiffs have not contested this proposition so the Court will review Defendant's arguments regarding the presence of defensive federal questions as operative complaints for purposes of § 1441(a). However, there are no answers of record from which to determine what specific defenses are being alleged. The only sources to which the Court can turn are the Notice of Removal (D.E. 1) and the Suggestions in Opposition to Remand (D.E. 16).

Under the language of 28 U.S.C. § 1331, federal question jurisdiction exists if the action "arises under" the Constitution, laws, or treaties of the United States. Nothing in Defendant's removal petition or Suggestions in Opposition to Motion to Remand (D.E. 16) recites a substantive provision in the Constitution, laws, or treaties of the United States that is triggered by Plaintiffs' claims or Defendant's anticipated defenses.

The assertion of federal questions in the Notice of Removal is based on: (1) federal common benefit jurisprudence; (2) the effect of the Rice MDL's prior rulings on Plaintiffs' state claims; (3) interpleader jurisdiction; and (4) "important federal policies or interests [that] are entwined with Plaintiffs' claims." D.E. 1, p. 8. The Suggestions in Opposition to Motion to Remand purport to flesh out these concepts. D.E. 16, pp. 11-23.

In sum, the removing Defendant claims that a sister court's MDL efforts and interpleader rules confer federal jurisdiction over Plaintiffs' state law claims.

Both of these bases for federal question jurisdiction are matters that arise out of or are related to a case or controversy pending or adjudicated in a different federal proceeding. The claim of interpleader jurisdiction under 28 U.S.C. § 1335 is based upon funds subject to interpleader in *Don M. Downing, et al v. Goldman Phipps PLLC, et al*, No. 4:13-cv-206 (E.D. Mo.). D.E. 1, p. 11. Those funds regard cases that were pending in the MDL courts and not the funds at issue before this Court. The reference to the interpleader rule, Fed. R. Civ. P. 22, is thus inapposite. Likewise the class action complaint is pending in the *Downing* case and the reference to the class action rule, Fed. R. Civ. P. 23, is inapposite here. D.E. 1, p. 6. There is no class action relevant to the claims before this court. There are no relevant interpleader funds in this Court, no pleading seeking such interpleader, and no argument that interpleader is required. Defendant specifically asserts the right to a personal judgment against the Plaintiffs for money damages. D.E. 16, p. 9.

No federal question is implicated in this case based upon application of 28 U.S.C. § 1407. That statute allows for the consolidation into multidistrict litigation of cases already pending in different federal district courts. § 1407(a). The MDL statute is a venue provision rather than a jurisdictional provision. Nothing about that procedural statute purports to confer jurisdiction over state law claims pending in state court.

Defendant asks this Court to accept jurisdiction based on a sister court's adjudication of issues within her jurisdiction. Defendant has not presented this Court

with any authority that holds that federal question jurisdiction in this case can be satisfied by a sister court's exercise or failure to exercise jurisdiction in a similar or related matter.

This Court's jurisdictional determination must be made with respect to the civil action brought before it.  28 U.S.C. § 1331.  Federal question jurisdiction is based on the Constitution, laws, or treaties of the United States—not on another court's ruling in a related case.  This has long been a rule of federal jurisdiction:

> A suggestion was made in argument that the case is one arising under the laws of the United States, for the reason that the cause of action is identical with that sued on in *Leather Manufacturers' Nat. Bank v. Morgan*, 117 U. S. 96, 6 Sup. Ct. Rep. 657, decided by this court at the last term, and in which the principles of law which govern the rights of the parties were determined.  Nothing of the kind, however, appears in the record, and, if it did, it would not authorize a removal. This is not that suit, and a case does not arise under the laws of the United States simply because this court, or any other federal court, has decided in another suit the questions of law which are involved.

*Leather Manufacturers' Nat. Bank v. Cooper,* 120 U.S. 778, 781-82, 7 S.Ct. 777, 778 (1887).  *See also State of Okl. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 692 (10th Cir. 1971) ("Second, it is true that the Oklahoma state case bears a considerable relationship to the prior federal case.  As was true in *Gully*, this present action would not have arisen had there not been a federal case and a federal judgment.  But as shown by *Gully* this is not a sufficient basis for federal removal jurisdiction").

"On a motion to remand, '[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.' "  *Barker v. Hercules Offshore, Inc.*, 706 F.3d 680, 684-85 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas.*

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The Court finds that the Defendant has not met its burden.

The Court GRANTS the Plaintiffs' Motion to Remand (D.E. 4) and remands this action to the County Court at Law No. 3, Nueces County, Texas, the court from which it was removed.

ORDERED this 15th day of March, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE